```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MISSOURI
                             EASTERN DIVISION


UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
      v.                       )      No. 4:10 CR 178 HEA/DDN
                               )
RELDA STEWART,                 )
                               )
            Defendant.         )
```

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Defendant Relda Stewart is charged in this case[1] with two counts of bank fraud (Counts 1 and 3) and with one count of making false statements for the purpose of influencing an application for a residential loan (Count 2). Before the court at this time are the following five matters:

1. Motion of defendant Stewart for an extension of time to file pretrial motions (Doc. 8).
2. Oral motion of defendant to suppress evidence (Doc. 9).
3. Oral motion of the government for a determination of the admissibility or not of any arguably suppressible evidence (Doc. 10).
4. The documentary waiver of pretrial motions, filed by defendant Stewart's counsel (Doc. 17).
5. Pro se motion of defendant to strike the documentary waiver of pretrial motions filed by defense counsel (Doc. 18).

A hearing was held on April 29, 2010. In the documentary waiver of pretrial motions, defendant's counsel indicated, and repeated at the hearing held on April 29, that there were no matters requiring a motion to suppress evidence. In her own behalf, defendant Stewart personally

---

[1] In another indictment pending in this court, No. 4:09 CR 641 HEA/DDN, she is charged in Counts 1 through 3 with aggravated identity theft and in Counts 4 through 6 with identity theft.

addressed the court and stated her belief that items of the government's evidence against her in this case would not prove her guilty of the charges in the indictment. However, she did not identify any evidence that would be subject to a motion to suppress.

It is helpful to note that on April 2, 2010, in this case counsel for the government filed and sent to defendant's counsel a letter that disclosed to the defendant certain items of evidence and information relevant to this case:

a. Paragraph 1 of the letter described relevant items of evidence that had previously been disclosed. These were a Trans Union credit report; financial documents for loans dated September 20, 2006 and September 2, 2009; credit union records; certain loan application forms; credit score documentation; a deed of trust; insurance information form; a tax information form; an adjustable rate note; a FEMA document; a certification of identification; a residential sale contract; a notice to applicant; IRS tax returns; HSBC documents; GMAC records; title work; settlement statements; and certain IRS documents.

b. The government disclosed that it had no evidence derived from consensual audio or video surveillance, no evidence derived from a confidential informant, no evidence of statements made by the defendant during the investigation of the case, and no post-arrest identification of the defendant.

c. The government indicated it would provide the defense with all Jencks Act materials, including grand jury testimony transcripts, on the Friday before trial, conditioned upon the defendant providing reciprocal discovery of statements of defendant's witnesses. The government also stated it would provide to the defendant all favorable evidence as soon as it becomes known to the government.

d. The government indicated that it has items of physical evidence that were seized from the defendant during her arrest by local authorities. However, these items of evidence relate to the charges in the other case, No. 4:09 CR 641.[2]

See Doc. 13.

With a follow-up letter to defense counsel, dated April 13, 2010, counsel for the government provided defense counsel with records from HSBC regarding an additional specific loan, which might become the subject of a superseding indictment. See Doc. 15.

---

[2]Whether or not such items should be suppressed is before the undersigned in Case No. 4:09 CR 641.

At the hearing on April 29, 2010, counsel for the government stated that the government would not offer in its case-in-chief in this case any items of evidence that were arguably suppressible.

A review of the record indicates no basis for believing that there is any reasonable ground for a motion to suppress evidence.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Relda Stewart to strike the documentary waiver of pretrial motions and a pretrial motion hearing filed by her counsel (Doc. 18) be denied as moot.

**IT IS FURTHER ORDERED** that the motion of defendant Stewart for an extension of time to file pretrial motions (Doc. 8) is denied as moot.

**IT IS FURTHER ORDERED** that the oral motion of the government for a determination of the admissibility or not of any arguably suppressible evidence (Doc. 10) is denied as moot.

**IT IS RECOMMENDED** that the oral motion of defendant to suppress evidence (Doc. 9) be denied as moot.

The parties are advised that they have 14 days to file documentary objections to this Order and Recommendation. The failure to file timely documentary objections to this Order and Recommendation may waive the right to appeal issues of fact.

    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 11, 2010.