# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Nos. 4:09-CR-641 HEA and |
| | )               4:10-CR-178 HEA |
| **RELDA STEWART,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court pursuant to Federal Rule of Criminal Procedure 32.1(b)(1)(A) to establish whether there is probable cause to believe Defendant violated a condition of her supervised release. Defendant plead guilty to fraudulent use of a means of identification in 2011 and was sentenced to twenty-seven months consecutive to a thirty month sentence she received in a 2010 case in which she plead guilty to making a false statement to a bank. Defendant's supervised release commenced on December 4, 2013 and is due to expire in 2018.

In the Petition for Warrant or Summons for Offender Under Supervision, Defendant's probation officer alleged that Defendant violated a General Condition (defendant shall not commit another federal, state or local crime); Standard Condition #5 (defendant shall work regularly at a lawful occupation); Special Condition #5 (defendant shall be prohibited from incurring new credit charges or opening additional lines of credit); and Special Condition #6 (defendant shall pay restitution). In addition, the probation officer alleges in the petition that Defendant previously violated the conditions of her supervised release by pleading guilty to two new cases while on supervised release.

The Court held a hearing. Defendant's probation officer testified and provided additional detail with respect to the allegations in the Petition. Defendant's counsel and Defendant both discussed the allegations. Defendant claimed she was working for her sister. Defendant admitted that her probation officer did not consider employment with her sister to comply with the conditions of her supervised release. Defendant did not deny that she was arrested and charged with stealing over $750.00. Defendant did not challenge the probation officer's allegations that she failed to comply with the prohibition on opening new lines of credit and incurring credit charges.

The evidence adduced at the hearing is sufficient to find probable cause to believe that Defendant violated a condition of her supervised release.

**THEREFORE, IT IS HEREBY ORDERED** that pursuant to Rule 32.1(b)(1)A of the Federal Rules of Criminal Procedure Defendant be held to appear for a Final Supervised Release Revocation Hearing on **Monday, June 19, 2017 at 11:45 a.m**., before the Honorable Henry E. Autrey.

**IT IS FURTHER ORDERED** that Defendant shall remain in the custody of the U.S. Marshal pending the final **revocation** hearing in this matter.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for consultation with counsel, and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for purpose of an appearance in

connection with a court proceeding.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of June, 2017